UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | |
| Plaintiff, | No. 14 C 7234 |
| v. | Judge James B. Zagel |
| DIMUCCI DEVELOPMENT CORPORATION OF PONCE INLET, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Essex Insurance Company ("Plaintiff) filed a complaint against Defendant DiMucci Development Corporation ("Defendant") seeking declaratory judgment. Defendant now moves to dismiss Plaintiff's Complaint and, alternatively, to transfer venue to the United States District Court for the Middle District of Florida. For the following reasons, Defendant's motion to dismiss is denied and motion to transfer is granted.

**I. STATEMENT OF FACTS**

Towers Grande Condominium Association (the "Association") sued Defendant in the circuit court of Volusia County, Florida, alleging the breach of implied warranties, violation of the Florida Building Code, and negligence in its construction of the Towers Grande Condominium (the "Construction Lawsuit"). Defendant, upon receipt of service, notified Plaintiff of the Construction Lawsuit and demanded that Plaintiff defend Defendant in the state court litigation. In response, Plaintiff forwarded Defendant a Reservation of Rights Letter on February 29, 2013 and a Supplemental Reservation of Rights letter on September 16, 2014. Plaintiff then filed a Declaratory Judgment Action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 in this Court, seeking an order that, under its insurance policies, Plaintiff

1

has no duty to defend or indemnify Defendant in the Construction Lawsuit.

## II. DISCUSSION

### A. Motion to Dismiss

Under the Declaratory Judgment Act ("the Act"), any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration of a case of actual controversy within its jurisdiction. 28 U.S.C. § 2201(a). The Act confers on federal courts "unique and substantial discretion" to decide whether to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Under what is known as the *Wilton/Brillhart* abstention doctrine, federal courts have considerable leeway in deciding whether to dismiss or stay claims seeking declaratory judgment, even though subject matter jurisdiction otherwise exists, and do not require exceptional circumstances to abstain in a declaratory judgment action. *Id.*; *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

Although the Supreme Court clarified that there is no set criteria for when a court should exercise its discretion to abstain, the classic example of when abstention is proper is when solely declaratory relief is sought and parallel state proceedings are ongoing. *Brillhart*, at 495 ("We do not now attempt a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a District Court's discretion."); *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir.2009). Thus the "question for the district court presented with a suit under the Act is whether the questions in controversy between the parties to federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding pending in the state court." *Wilton*, 515 U.S. at 282.

To that end, federal courts typically consider (1) the nature of the state court proceeding

and the nature of the defenses open there; and (2) whether the claims of all parties in interest can be satisfactorily adjudicated in that proceeding and whether the necessary parties have joined or if such parties are amenable to service in that proceeding. *Brillhart*, at 495. The Seventh Circuit has also considered whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case. *Envision Healthcare, Inc. v. Preferred One Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). Ultimately, federal courts consider whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or if it will merely amount to duplicative and piecemeal litigation. *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir.2010)(citing *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir.1995)).

The state and federal actions present two distinct questions and are not parallel proceedings. At the core of the Construction Lawsuit are facts surrounding the construction of the Towers Grande Condominium—particularly, whether Defendant breached implied warranties, violated the Florida Building Code, and was negligent in its construction of the Towers Grande. Plaintiff is not a party to the state court proceeding. The federal court proceeding, in contrast, will turn on whether Plaintiff must defend Defendant in the state court litigation and indemnify Defendant if it is found to be liable for the acts alleged in the state court litigation. The question in the federal court, while related to the underlying litigation, requires an independent inquiry into the interpretation of the insurance policy issued by Plaintiff. Consequently, litigating the federal court action is not duplicative of the state court proceeding and will clarify the legal obligations and duties of Plaintiff in defending and indemnifying Defendant. For these reasons, I decline to dismiss or stay Plaintiff's declaratory judgment action.

**B. Motion to Transfer Venue**

A court may transfer venue to another district for reasons of convenience, pursuant to 28 U.S.C. § 1404(a), when it is in the "interests of justice." The moving party bears the "burden of showing that the transferee forum is clearly more convenient" and must establish that the (1) venue is proper in this district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (internal citation omitted); *College Craft Cos. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill. 1995). In assessing the interests of justice, the court must weigh the private interest factors and the public interest factors. *Coffey v. Van Dorn Iron Works*, 796 F.2d 219 (7th Cir.1986). Private interest factors include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Am. Roller Co., LLC v. Foster Adams Leasing, LLP*, 421 F.Supp.2d 1109, 1114 (N.D.Ill.2006). While some courts accord substantial deference to plaintiff's choice of forum when considering a transfer under 28 U.S.C. § 1404(a), this presumption does not apply where the plaintiff does not reside in the chosen forum. *St. Paul Fire and Marine Ins. Co. v. Brother Intern. Corp.*, 2006 U.S. Dist. 39952,*3, 4 (N.D.Ill. June 1, 2006).

Parties do not dispute that venue is proper in both the Northern District of Illinois and Middle District of Florida, and consequently, our inquiry is limited to whether transfer will serve the convenience of the parties and witnesses, and the interests of justice. Plaintiff is a corporation incorporated in Delaware with its principal place of business in Virginia. Plaintiff claims that Illinois is the preferred venue because Plaintiff delivered insurance policies to Defendant DiMucci in Illinois, and Plaintiff solicited, negotiated, delivered, and executed its insurance

policies in Illinois. Although DiMucci maintains an Illinois mailing address, Defendant has substantially greater contacts with Florida. Defendant is incorporated in Florida and has its principal place of business in Florida. Its owner and principal officer resides in Florida, and approval of the insurance policies originated from Florida. The intended insured interest, the Towers Grande, is located in Florida, and the nature of the acts purported to be covered by the policies took place in Florida. Any witnesses testifying as to whether coverage exists or is excluded would likely be located in Florida, but in any case, would not likely be in Illinois.

Public factors also weigh in favor of transfer to the Middle District of Florida. Resolution of this matter will not be delayed, and is likely to be resolved more quickly, by transferring this matter to Florida. Florida also has a strong interest in the interpretation of insurance coverage over construction of residential buildings within its state.

For these reasons, the Middle District of Florida is a considerably more convenient forum than the Northern District of Illinois, and I grant Defendant's motion to transfer.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied and motion to transfer venue is granted. This case is transferred to the Middle District of Florida.

ENTER:

James B. Zagel
United States District Judge

DATE: March 10, 2015